## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:21-CV-807** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **M. THOMPSON, WARDEN FCI** | : | |
| **ALLENWOOD LOW,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Petitioner Frederick Banks ("Banks"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently serving a sentence of 104 months' imprisonment, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's prior custody computation pursuant to 18 U.S.C. § 3585(b).  (Doc. 1).  Presently before the court is Banks' motion (Doc. 13) for reconsideration of the court's October 5, 2021 Memorandum and Order (Doc. 11, 12) dismissing his habeas petition for failure to exhaust administrative remedies.  For the reasons set forth below, the court will deny the motion.

### I.   Factual Background & Procedural History

On June 12, 2020, Banks was sentenced in the United States District Court for the Western District of Pennsylvania to an aggregate 104-month term of imprisonment for wire fraud and aggravated identity theft in case number 2:15-CR-168.  (Doc. 8-2 at 2 ¶ 11, Declaration of Gail Crowe, BOP Correctional Management Analyst at the Designation and Sentence Computation Center ("Crowe Decl."); Doc.

8-2 at 5-8, Public Information Inmate Data; <u>United States v. Banks</u>, No. 2:15-CR-168 (W.D. Pa.)).  His projected release date is February 4, 2023, *via* good conduct time. (Doc. 8-2 at 2 ¶ 12; Doc. 8-2 at 5-8).  Before this sentence, Banks received two, relevant federal sentences in the United States District Court for the Western District of Pennsylvania.  <u>See</u> <u>United States v. Banks</u>, No. 2:03-CR-245 (W.D. Pa.); <u>United States v. Banks</u>, No. 2:04-CR-176 (W.D. Pa.).  In those cases, Banks was sentenced to an aggregate 123-month term of imprisonment.  <u>See id.</u>  He satisfied that sentence on May 24, 2013 and began serving a 3-year term of supervised released.  (Doc. 8-2, Crowe Decl., at 1 ¶ 6).  While on supervised release, Banks committed the crimes of wire fraud and aggravated identity theft.  <u>See</u> <u>Banks</u>, No. 2:15-CR-168.  As a result, his supervised release was revoked and, on October 23, 2013, he was arrested by the United States Marshals Service ("USMS").  (Doc. 8-2, Crowe Decl., at 1-2 ¶ 7; Doc. 8-2 at 18-19, Individual Custody/Detention Report).

On November 25, 2013, the United States District Court for the Western District of Pennsylvania sentenced Banks to a 14-month term of imprisonment for violating the conditions of his supervised release.  <u>See</u> <u>Banks</u>, No. 2:04-CR-176, Doc. 715.  Because Banks remained in custody from the date of his arrest on October 23, 2013, through November 24, 2013, the day before sentencing, he received jail credit for that time.  (Doc. 8-2, Crowe Decl., at 2 ¶ 8).  He satisfied this sentence on October 28, 2014.  (<u>Id.</u>)  Due to the pending supervised release violation in case number 2:03-CR-245, Banks remained in federal custody.  (<u>Id.</u>)  Two days later, on October 30, 2014, his supervised release was revoked in case number 2:03-CR-245.  <u>See</u> <u>Banks</u>,

No. 2:03-CR-245, Doc. 675.  Also on October 30, 2014, the Western District of Pennsylvania sentenced Banks to time-served in case number 2:03-CR-245, to run concurrent to the term of imprisonment imposed in case number 2:04-CR-176.  Id., Doc. 676.  The time-served sentence consisted of two days—October 29, 2014 and October 30, 2014—because that custodial time had not been credited to another sentence.  (Doc. 8-2, Crowe Decl., at 2 ¶ 9).  On October 30, 2014, Banks satisfied this sentence and was released from federal custody.  (Id.)

On August 7, 2015, Banks was taken into USMS custody in relation to the charges in case number 2:15-CR-168 and has remained in federal custody since that time.  (Id. at 2 ¶ 10; Doc. 8-2 at 40, Order of Temporary Detention).

Gail Crowe, BOP Correctional Management Analyst at the Designation and Sentence Computation Center, audited Banks' sentence calculation and certified that his sentence calculation was correct.  (Doc. 8-2, Crowe Decl., at 1 ¶¶ 1, 3, 4).  Based on the 104-month term of imprisonment, the BOP calculated Banks' sentence as commencing on June 12, 2020, the date he was sentenced in the Western District of Pennsylvania.  (Id. at 2 ¶ 12; Doc. 8-2, at 5-8, Public Information Inmate Data).  Banks received prior custody credit from August 7, 2015, the day he was placed into USMS custody, through June 11, 2020, the day before his current federal sentence was imposed.  (Id.)  Banks received a total of 1,771 days of prior custody credit.  (Id.)

In the habeas petition, Banks challenges his sentence computation.  (Doc. 1).  He argues that he is entitled to 20 to 32 months of prior custody credit that was not

applied toward his current federal term.  (Id. at 2, 6-7).  For relief, Banks seeks release from custody and "at least 20 months prior jail credit."  (Id. at 8).

On October 5, 2021, the court issued a Memorandum and Order dismissing Banks' habeas petition based on his failure to exhaust administrative remedies. (Docs. 11, 12).  Banks seeks reconsideration.  (Doc. 13).

II.    **Discussion**

A.    **Motion for Reconsideration**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.  Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010).  Because of the court's interest in the finality of judgments, "motions for reconsideration should be granted sparingly," Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995), and may not be used to give a litigant a "second bite at the apple," Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

Banks seeks of reconsideration of the court's Memorandum and Order dismissing his petition for writ of habeas corpus for failure to exhaust administrative remedies.  In the October 5, 2021 Memorandum, we found that

4

Banks failed to exhaust his administrative remedies because he did not seek Central Office review, as evidenced by the record. Banks' Administrative Remedy Generalized Retrieval report indicates that, on November 20, 2020, he filed Administrative Remedy Number 1057800-F1 requesting prior custody credit. (Doc. 8-2 at 67; see also Doc. 1-1 at 2). On December 15, 2020, the institution denied the request. (Doc. 8-2 at 67; Doc. 1-1 at 3). On December 21, 2020, Banks appealed the denial to the Regional Office, and, on February 26, 2021, the appeal was denied. (Doc. 8-2 at 67; Doc. 1-1 at 1). The record reveals that Banks did not appeal the denial to the Central Office and did not take any further action with respect to this Administrative Remedy. In rendering our prior decision, the court considered Banks' argument that the BOP did not provide a response from the Regional Office and that his unit manager failed to provide the memorandum necessary for his appeal to the Central Office. (Doc. 11 at 7).

In the motion for reconsideration, Banks again argues that he attempted to exhaust this Administrative Remedy, but never received the Regional Office response and his unit manager refused to provide the appropriate memorandum necessary for his appeal to the Central Office. (Doc. 13). Banks set forth the same allegations in his habeas petition and traverse. (Doc. 1 at 3; Doc. 9 at 1). Banks has not presented the court with any new precedent, facts, or error of law or fact. Instead, he simply disagrees with the court's determination that he failed to exhaust his administrative remedies prior to initiating suit in federal court. See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) aff'd, 31 F.3d 1175

(3d Cir. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); see also Database Am., Inc. v. Bellsouth 4 Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Because Banks is inappropriately using his motion for reconsideration to reargue the same claims, the motion will be denied. However, assuming *arguendo* that BOP staff improperly obstructed Banks' administrative remedy process and exhaustion was excused, his claims are without merit. We will address the merits of Banks' habeas petition.

**B.     Merits of the Habeas Petition**

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, Woodall v. Fed. BOP, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Section 3585 of Title 18, which governs prior custody credit, provides:

(a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The United States Supreme Court has made clear that a defendant cannot receive a "double credit" for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).

As stated, Banks is currently serving an aggregate 104-month term of imprisonment for wire fraud and aggravated identity theft imposed on June 12, 2020. (Doc. 8-2, Crowe Decl. at 2 ¶ 11; Doc. 8-2 at 5-8). Banks received prior custody credit toward his current federal sentence from August 7, 2015, the date of his arrest, through June 11, 2020, the day before his federal sentence was imposed. (Doc. 8-2, Crowe Decl. at 2 ¶ 12; Doc. 8-2 at 5-7). Thus, Banks received a total of 1,771 days of prior custody credit. (Id.) Banks now seeks additional prior custody credit of 20 to 32 months based on the "same 2013 conduct." (Doc. 1 at 6). Pursuant to 18 U.S.C. § 3585(b), Banks is prohibited from receiving this prior custody credit because the jail credit was already applied to his previous revocation sentences in case numbers 2:03-CR-245 and 2:04-CR-176. (Doc. 8-2, at 18-22, Individual

Custody/Detention Report; Doc. 8-2 at 29, 34, Sentence Monitoring Computation;
see also 18 U.S.C. § 3585(b) (precluding an inmate from receiving double credit);
Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress
made it clear that a defendant could not receive a double credit for his detention
time.")).

Based on the foregoing, the court concludes that the BOP properly granted
Banks 1,771 days of prior custody credit from August 7, 2015, the date of his arrest,
through June 11, 2020, the last day before the imposition of his federal sentence.
See 18 U.S.C. § 3585(b).  Banks has been afforded all credit due pursuant to 18
U.S.C. § 3585.  Thus, even if exhaustion was excused, the court would nonetheless
deny the habeas petition on the merits.

**III.    Conclusion**

We will deny Banks' motion (Doc. 13) for reconsideration.  An appropriate
order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        November 17, 2021